IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MUZOON HOLDING LLC,<br><br>  Petitioner,<br><br>v.<br><br>COOPER CARRY, INC.,<br><br>  Respondent. | Case No.: _____ |

**Petition to Enforce Foreign Judgment**

Pursuant to the Uniform Foreign-Country Money Judgments Recognition Act, O.C.G.A.§ 9-12-110 *et seq.*, Muzoon Holding LLC ("Muzoon") petitions this Court for an order domesticating and enforcing the final judgment entered against Respondent Cooper Carry, Inc. ("Cooper Carry") by the Dubai Court of First Instance in Dubai, United Arab Emirates. In support of this Petition, Muzoon shows as follows:

**Introduction**

1. This is an action to enforce a duly issued foreign court judgment. Muzoon and Cooper Carry, represented by counsel, were parties to a judicial proceeding in the Dubai Court of First Instance ("Dubai Court"), in which both parties asserted claims against the other. Muzoon's claims were based on Cooper Carry's failure to perform certain design and engineering services for which it was paid.

2. After receiving written briefing from both parties, a report from an independent court-appointed expert, the parties' written responses on that expert report, and a hearing, the Dubai Court entered judgment in Muzoon's favor.

Cooper Carry later appealed that judgment. After receiving written briefing from both parties and a hearing, Dubai's appellate court subsequently affirmed the Dubai Court's judgment. Cooper Carry then had thirty days to appeal to the Court of Cassation, Dubai's highest court. Cooper Carry chose not to pursue an appeal with the Court of Cassation, so its right to any additional appeals has lapsed.

3. Despite having been represented by legal counsel and having fully litigated its defense, asserted counterclaims against Muzoon, and appealed the judgment, Cooper Carry refused to comply with the Dubai Court's final judgment. Instead, it baselessly claimed that the Dubai Court's judgment was invalid, alleging that the company was effectively judgment-proof because the Dubai Court's judgment was unenforceable in the United States.

4. Because the Dubai Court's judgment is a foreign-country money judgment and no bar to enforcement applies, the Court must recognize and enforce the Dubai Court's judgment.

## Parties, Jurisdiction, and Venue

5. Muzoon is a foreign limited liability company organized and existing under the laws of the United Arab Emirates with its principal place of business in Dubai.

6. Muzoon has two members: (1) Farhan Abdulrahim Mohammed Faraidooni, a citizen of the United Arab Emirates, and (2) MG LLC, a limited liability company organized and existing under the laws of the United Arab Emirates. Mohammad Abdulla Ali Algergawi, a citizen of the United Arab Emirates, is the sole

beneficial owner of MG LLC. Accordingly, Muzoon is a citizen of the United Arab Emirates for purposes of diversity jurisdiction.

7. Cooper Carry is a Georgia corporation with its principal place of business in Atlanta, Georgia.

8. The Court has subject matter jurisdiction under 28 U.S.C. § 1332, because there is complete diversity of citizenship between Muzoon and Cooper Carry and the amount in controversy exceeds $75,000.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(1), because Cooper Carry is deemed to reside in this judicial district.

## Factual Background

### A. Cooper Carry breached its contract with Muzoon.

10. Muzoon is the owner of an open-air retail development project known as "Esplanade" in the Al Barsha area of Dubai.

11. In May 2019, Muzoon contracted with Cooper Carry to provide architectural design and related engineering services for the project. As is typical for construction projects, Cooper Carry's scope of work was periodically amended through change orders to reflect updates to the project's design. Cooper Carry agreed to each of these modifications, and its compensation was adjusted each time the contract was amended.

12. In or around December 10, 2019, Muzoon discovered that Cooper Carry had failed to provide certain services required by the Parties' agreement and for which Muzoon had paid $199,000. These services included:

- Wayfinding/Signage Design Works (Muzoon paid $136,000);

- Architectural Site Visits (Muzoon paid $40,000); and

- Lighting-Design-Related Site Visits (Muzoon paid $23,000).

13. In light of Cooper Carry's failure to complete the work for which it had been paid, Muzoon repeatedly requested a refund of $199,000 it had paid Cooper Carry for these services. Cooper Carry refused to issue a refund.

### B. The Dubai Court entered judgment in Muzoon's favor.

14. On June 6, 2023, Muzoon initiated proceedings against Cooper Carry in the Dubai Court, asserting claims for breach of contract and seeking damages of approximately $199,000 plus statutory interest.

15. Cooper Carry, represented by counsel, moved to dismiss Muzoon's claims while also asserting a counterclaim of its own for $160,330.

16. In keeping with the practice of Dubai's courts in technical construction disputes, the court appointed an expert witness, Dr. Eng. Khaled Abdullah Ali Suhail, to assist with the Dubai Court's evaluation of the claims.

17. Dr. Suhail was appointed in accordance with the Dubai Court's standard practices. The Dubai Court maintains rotating lists of qualified subject matter experts. When the Dubai Court determines that an expert is needed, the court appoints the individual next on the list corresponding to the subject matter at issue. Once the expert completes their work, they are rotated to the bottom of the list and will not be reappointed again until all other experts on the list have been appointed.

18. On August 12, 2023, Dr. Suhail invited the Parties to attend a joint meeting to discuss the dispute. The meeting was held on August 16, 2023, with legal counsel for both Parties attending.

19. Thereafter, Dr. Suhail notified the Parties and their counsel of a site inspection to take place on August 30, 2023. Again, legal counsel for both parties attended the site inspection and had an opportunity to present their views of the issues to Dr. Suhail. Cooper Carry and Muzoon both submitted responses to and commentary on the expert's report.

20. On October 11, 2023, the Dubai Court set the case for final adjudication on February 28, 2024, with notice provided to both Parties. Cooper Carry and Muzoon attended the final adjudication and were represented by counsel.

21. Upon consideration of the evidence and arguments the Parties submitted, the Dubai Court found in Muzoon's favor and ordered Cooper Carry to pay $199,000 plus statutory interest at a rate of 5% to be assessed from the date the case was filed. The Dubai Court also ordered Cooper Carry to pay a nominal, fixed amount toward Muzoon's attorneys' fees. An English language version of the Dubai Court's judgment ("Judgment") is attached hereto as Exhibit 1.

22. Cooper Carry appealed the Judgment. After receiving written briefing from both parties and a hearing, the Dubai Court of Appeal affirmed. Following its failed appeal, Cooper Carry chose not to further appeal the judgment to the Dubai Court of Cassation, and the Judgment became final and enforceable in Dubai.

23. Cooper Carry has refused to voluntarily comply with the Judgment. Despite asserting its own claims (albeit unsuccessfully) against Muzoon, Cooper Carry contends that the Dubai Court proceedings were invalid.

24. Cooper Carry also wrongly contends that Muzoon cannot, in any event, enforce the Judgment against Cooper Carry, because courts in the United States will not recognize a judgment from a court in Dubai.

## Count 1: Enforcement of Foreign Court Judgment

25. Muzoon realleges and incorporates by reference the foregoing Paragraphs as if fully set forth herein.

26. The Judgment is enforceable under Georgia's enactment of the Uniform Foreign-Country Money Judgments Recognition Act codified at O.C.G.A. § 9-12-110 *et seq.* (the "Act").

27. The Judgment is a "foreign-country judgment" as defined by O.C.G.A. § 9-12-111, because it was issued by a court in Dubai, United Arab Emirates.

28. The Judgment is a money judgment because it grants the recovery of a sum of money to Muzoon from Cooper Carry.

29. The Judgment is final, conclusive, and enforceable in Dubai. Cooper Carry fully exercised its appellate rights and has no further right to appeal the Judgment.

30. Because the Judgment is a final, foreign-country, money judgment, it must be enforced pursuant to O.C.G.A. § 9-12-113(a).

31. No basis for non-enforcement under O.C.G.A. § 9-12-113(b) applies.

32. Dubai's judicial system is impartial and its proceedings are compatible with due process requirements. In particular, Cooper Carry was represented by counsel, received adequate notice of the proceedings, attended and fully participated in the hearing, and had an opportunity to be heard.

33. For purposes of enforcement under the Act, foreign proceedings may differ from court proceedings in the United States so long as the foreign court proceedings do not offend basic notions of fairness.

34. The Dubai Court had jurisdiction because the dispute arose out of Cooper Carry's breach of a contract that was to be performed in Dubai. Additionally, Cooper Carry voluntarily appeared in the proceeding to assert counterclaims against Muzoon, fully participated in the proceedings, and never raised any jurisdictional objection.

35. Cooper Carry received sufficient notice of the proceeding to defend against Muzoon's claim. Indeed, Cooper Carry (1) asserted multiple legal defenses; (2) participated in conferences and meetings with the court-appointed expert; (3) responded to the findings of the court-appointed expert; (4) asserted its own counterclaims; (5) was present at and fully participated in the final hearing; and (6) appealed the Dubai Court's judgment.

36. Muzoon's cause of action was for breach of contract, a cause of action recognized in the United States. The Judgment is therefore consistent with the public policy of the United States.

37. The Judgment does not conflict with another final and conclusive judgment, nor was the Dubai Court proceeding contrary to an agreement to resolve the dispute by alternative means.

38. The Judgment was not rendered under circumstances giving rise to doubts about the integrity of the proceeding, and the proceedings were otherwise consistent with the standards of due process applicable to foreign-country court proceedings.

## Count 2: Attorneys' Fees and Costs

39. Muzoon realleges and incorporates by reference Paragraphs 1 through 26 as if fully set forth herein.

40. Cooper Carry has acted in bad faith, been stubbornly litigious, and caused Muzoon unnecessary trouble and expense.

41. Muzoon is therefore entitled to an award of attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

## Prayer for Relief

**Wherefore**, Muzoon respectfully requests the following relief:

a. That the Court recognize and enforce the Dubai Court's Judgment;

b. That the Judgment be made a judgment of this Court;

c. That the Court award Muzoon all applicable interest, costs, and attorneys' fees; and

d. That the Court award such other relief as it may deem just and proper.

Submitted this 23rd day of February 2026.

        SMITH, GAMBRELL & RUSSELL, LLP

        */s/ Christopher S. Smith*
        Christopher S. Smith
        Georgia Bar No. 158881
        Wheaton P. Webb
        Georgia Bar No. 902682
        1105 W. Peachtree St. NE Suite 1000
        Atlanta, Georgia 30309
        T: (404) 815-3500
        F: (404) 685-7010
        chris.smith@sgrlaw.com
        wwebb@sgrlaw.com

        *Counsel for Petitioner*